# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 1:16 cr 15 |
| Plaintiff/Respondent, | 1:19 cv 1219 |
| vs. | JUDGE DAN AARON POLSTER |
| PATRICK YOUNG, | **OPINION AND ORDER** |
| Defendant/Petitioner. | |

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Patrick Young on May 29, 2019 ("§ 2255 Motion" or "Motion"). **Doc #: 42**. Young contends that his conviction for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) is no longer valid in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). On June 27, 2019, the Government filed a Motion to Dismiss contending that Young's § 2255 Motion is time-barred ("Motion to Dismiss"). **Doc #: 43**.

The Court has reviewed the § 2255 Motion and the Government's responsive Motion to Dismiss. Because the Government's Motion to Dismiss was filed on June 27, 2019, Patrick Young had until July 30, 2019 to file a response brief. It is now September 4, 2019, and Young has failed to file an opposition brief or request an extension of time to file one. For the following reasons, the Court **GRANTS** the Motion to Dismiss, Doc #: 43, and **DISMISSES** the § 2255 Motion, Doc #: 42.

## I.

On January 12, 2016, a federal grand jury returned an indictment charging Patrick Young with Conspiracy in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 1), Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951(a) and (2) (Counts 2, 3, 5 and 7), and Brandishing a Firearm

During a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts 4 and 6). Doc #: 1. Young pled guilty to all counts pursuant to a plea agreement. Doc #: 17. In the Plea Agreement, Young waived his constitutional rights with the following exceptions. Doc #: 18. He reserved the right to appeal any punishment in excess of the statutory maximum, or any sentence to the extent it exceeded the maximum of the applicable range under the advisory Sentencing Guidelines in accordance with the stipulation contained in the Plea Agreement. Id. The Plea Agreement did not bar Young from seeking an appeal or collateral attack with respect to claims of ineffective assistance of counsel. Id.

On August 31, 2016, Young was sentenced to 188 months imprisonment on all counts to run concurrently, with credit for time served. On May 4, 2017, the Sixth Circuit affirmed his conviction and sentence. The deadline for filing a petition for writ of certiorari in the United States Supreme Court expired on August 2, 2017 at which time his judgment and conviction became final.

Ordinarily, Young's timely petition would have been due by August 2, 2018, one year after his judgment and conviction became final. But on May 29, 2019, Young filed the instant § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) for brandishing a firearm during a crime of violence is no longer valid in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). *Dimaya* recognized a new rule of law that applied retroactively to cases on collateral review, on April 17, 2018.

**II.**

The applicable limitations statute, 18 U.S.C. § 2255(f)(3), provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

*Id*. As *Dimaya* was issued on April 17, 2018, the one-year period for Young to file his § 2255 Motion expired on **April 17, 2019**.

In the Certificate of Service, Young states that he mailed his § 2255 Motion on February 25, 2019, and he contends he was in transit when he mailed it. That is implausible for three reasons.

One, the envelope containing Young's Motion was postmarked "North Houston" on May 22, 2019.

Two, Young cannot avail himself of the "mailbox rule." Rule 3(d) of the Rules Governing Section 2255 Cases provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

*Id*. A review of Young's Inmate History Report shows a timeline of Young's whereabouts while he was "in transit" in and around the filing of the § 2255 Motion. Doc #: 43-1. From November 27, 2018 through March 12, 2019, Young was held over for institution-to-institution transfer at FCI Gilmer in Glenville, West Virginia. *Id*. On March 12, 2019, Young was moved to FCI Oklahoma City where he was held over for institution-to-institution transfer. *Id*. Finally, on **March 19, 2019**, Young arrived at his designated facility – FCI Beaumont, Texas. *Id*. Young had the opportunity to use the prison legal mail system at any one of these three correctional

-3-

facilities prior to April 17, 2019 and failed to do so.

Three, had Young *really* mailed his § 2255 Motion on February 25, 2019 while being held over at FCI Gilmer in Glenville, West Virginia, the postmark would not be a mail facility in North Houston, Texas. The postmark coincides with Young's incarceration at FCI Beaumont, Texas which did not commence until March 19, 2019. Once Young reached FCI Beaumont, he had one month to timely file his § 2255 Motion and, again, failed to do so.

Though Young is proceeding without counsel, he must nevertheless comply with the procedural rules that govern civil cases. Young is correct that district courts should hold *pro se* § 2255 petitioners to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, while *pro se* litigants are afforded appreciable leeway, "those who proceed without counsel must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 Fed. Appx. 601, 603 (6th Cir. 2003) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## II.

For all these reasons, the Government's Motion to Dismiss, **Doc #: 43**, is **GRANTED**, and Young's § 2255 Motion, **Doc #: 42**, is **DISMISSED**.

**IT IS SO ORDERED.**

   */s/ Dan A. Polster   August 4, 2019*
**Dan Aaron Polster**
**United States District Judge**