IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:16 CR 00015 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| PATRICK YOUNG, | ) | |
| | ) | |
| Defendant. | ) | **OPINION AND ORDER** |
| | ) | |

**I.     Introduction**

On July 25, 2025, Defendant Patrick Young filed a Motion for Relief under 18 U.S.C. § 3582 requesting a reduction to the term of his sentence following an amendment to the sentencing provisions, which took effect on November 1, 2023.  ECF Doc. 49.  Specifically, he requests a 20-month reduction after Amendment 821 retroactively changed the status points to be applied to his sentence.  *See* U.S.S.G. § 4A1.1(e).  The Government filed a response in opposition on August 7, 2025.  ECF Doc. 51.  The Defendant filed a reply on August 8, 2025. ECF Doc. 52.

Both Young and the Government agree that, under the amended provision, Young would now receive 1 status point instead of 2 and have a total of 9 criminal history points, which has the effect of lowering Young's criminal history category from V to IV.   However, Mr. Young had already received a very low sentence given the severity of his crimes, and the 18 U.S.C. § 3553 factors do not weigh in his favor. For these reasons, the Court DENIES Young's motion for compassionate release, as is further explained below.

1

II. **Background**

Between August 24, 2015 and September 16, 2015, Defendant, along with other individuals, robbed at gunpoint a series of Family Dollar stores in Cleveland, Ohio. ECF Doc. 1. Defendant took an active part in the robbery. *Id.* On January 12, 2016, a grand jury returned a 7-count indictment against the Defendant, charging him with one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a); four counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1915(a); and two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF Doc. 11. On June 2, 2016, Young pleaded guilty to the indictment pursuant to a written plea agreement with the Government. ECF Doc. 18.

During the September 2, 2016, sentencing hearing, the Court adopted the terms of the plea agreement and sentenced Mr. Young to 188 months in imprisonment, the low end of the advisory guideline range of 188 to 235 months, followed by three years supervised release and restitution in the amount of $458. ECF Doc. 23. Mr. Young is serving his sentence at McCreary USP with a release date of August 2, 2030.[1] Mr. Young has received numerous disciplinary infractions, including some for violent and sexual misconduct during his imprisonment.[2]

III. **Discussion**

A. **Sentencing Guideline Amendment 821**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence,

---

[1] Federal Bureau of Prisons Website as of September 9, 2025, https://www.bop.gov/inmateloc/.
[2] In support of its opposition to Mr. Young's motion, the Government submitted Mr. Young's record of infractions during his incarceration. ECF Doc. 51-1.

including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2. A person who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decreed that this change is to apply retroactively.

Under the amended provision, Mr. Young would now receive 1 status point instead of 2 and have a total of 9 criminal history points. His previous criminal history category would change from category V to IV, and his new guidelines range would be 168-210 months for the Hobbs Act Robbery counts.

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, Young's sentence of 188 months is very low considering the egregious nature of his crimes. He committed four Hobbs Act Robberies during which he brandished a firearm. Moreover, the section 3553(a) factors do not weigh in favor of granting Young's motion for compassionate release, as is further explained below.

### B. § 3553(a) Factors

Under § 3553(a), there are seven factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the kinds of sentence and the sentencing range; 5) any pertinent

policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense.  18 U.S.C.S. § 3553.

Here, the 3553(a) factors do not weigh in favor of reducing Mr. Young's sentence.  Mr. Young committed several dangerous crimes and put innocent victims in fear for their lives.  Equally disconcerting is Mr. Young's disciplinary record in prison.  He has incurred numerous discipline infractions during his imprisonment – some of which were violent and some of which were sexual in nature.  See ECF Doc. 51-1.  Several of these infractions occurred within the last year.  Given Defendant's history, both before and after he was incarcerated, the Court considers Mr. Young to be a danger to the community and is not inclined to reduce Defendant's sentence.

"[A] district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range." *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  *See also United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) ("district court has the discretion to reduce a sentence based upon a change in the Sentencing Guidelines affecting a defendant's sentencing range"); *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010); *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced).  Moreover, the Sixth Circuit has upheld discretionary decisions to deny sentence reductions based on public safety concerns.  *See United States v. Nesbit*, 420 F. App'x. 541 (6th Cir. 2011); *United States v. Archer*, 362 F. App'x. 491, 496 (6th Cir. 2010); United States v. Monday, 390 F. App'x. 550 (6th Cir. 2010); *United States v. Stevenson*, 332 F. App'x 261 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record).  *See also*,

4

*United States v. Piphus*, 2009 U.S. Dist. LEXIS 63076 (S.D. Ohio Jul. 15, 2009) (unpublished) (denial based on history of criminal conduct). Here, having reconsidered the § 3553 factors, the Court finds that they do not weigh in favor of releasing Mr. Young.

### IV. Conclusion

For the reasons stated above, Mr. Young's Motion for Sentence Reduction is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: September 10, 2025                              *s/Dan Aaron Polster*
                                                       United States District Judge